HELEN DOD, p. a. *vs.* JOSEPH W. GRIMES, Adm'r.

SARAH DOD *vs.* SAME.

SALLY DOD, p. a. *vs.* SAME.

APRIL 4, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. These are three separate actions brought in behalf of the plaintiffs against Joseph W. Grimes as administrator *d. b. n., c. t. a.* of the estate of Elizabeth Sanderson to recover the amount alleged to be severally due to them for services rendered to the said Elizabeth Sanderson during her lifetime. The cases were originally brought in the District Court of the Fourth Judicial District, where jury trials were claimed on the entry day. All three cases were tried in the Superior Court before a justice thereof sitting with a jury. Verdicts were rendered, for Helen Dod in the sum of $376.26, for Sarah Dod in the sum of $275, and for Sally Dod in the sum of $402.50. The defendant filed a motion for a new trial in each case, said motions were heard and denied by the trial judge.

The cases are now before us upon the exceptions of each of the defendants and they are identical.

These exceptions relate to the refusal of the trial justice to grant the motion of the defendants for a continuance of the cases; to the overruling of the objection of the defendants to certain testimony; to the refusal of the trial court to direct a verdict for the defendants and to the denial of the motion of the defendants for a new trial.

Before proceeding to trial counsel for the defendants moved for a continuance of the cases on the ground that a material witness, one William H. Tripp, was ill and unable to attend court, he having recently figured in an automobile accident and was suffering from injuries resulting therefrom.

The defendants produced the certificate of a doctor to the effect that he first saw Mr. Tripp on November 4, 1922. A comparison of dates shows that the doctor saw Mr. Tripp on the day following the accident and five days prior to the date set for the trial of the cases, the latter being November 9, 1922. This certificate sets forth the then present physical condition of Mr. Tripp which, in the opinion of the doctor, would not permit him to travel and would demand that he be kept quiet.

In addition to the certificate of the doctor above mentioned counsel for the defendants presented an affidavit setting forth various material facts to which Mr. Tripp would testify if present and to nearly all of which he would be the sole witness.

This affidavit was received and placed on file with the papers in the case. It was not, however, put in evidence, the counsel for the plaintiffs refusing to admit that the witness would, if present, testify to the matters contained therein.

We learn from the transcript of the testimony that the trial court saw the certificate and affidavit, heard the arguments of counsel in relation thereto, and denied the motion for a continuance. Further than this the record furnishes no information and we are not informed upon what grounds the trial court made its ruling.

In cases of this character, that is, claims against the estates of deceased persons, it seems to us that every reasonable latitude should be allowed in bringing before the court and jury all the circumstances and facts which would aid the latter in coming to a just and proper conclusion. In the cases which we are now considering it would seem to be particularly unfortunate if the defendant should be deprived of the benefit of material testimony solely within the knowledge of Tripp and which if presented to the jury might lead them to a different conclusion from that to which they arrived. The certificate of the physician, in terms, refers to the then present condition of the witness Tripp and his

inability at that time to attend court, or depose. It can be reasonably deduced, however, from such a certificate that the incapacity of the witness was temporary rather than permanent or likely to continue for a long period.

The affidavit fully and explicitly states the facts to which the witness would testify. While it fails to give in precise words the grounds of such expectation, it may be reasonably inferred from it, taken as a whole, that such facts must have been obtained from the witness himself and could not have originated in the mind of the affiant.

There is no specific statement either in the certificate of the physician, or in the affidavit, as to the expectation of procuring the attendance of the witness at a future time, but there again the incapacity appearing to be temporary, any determination as to its duration could be as easily reached or estimated by the plaintiff as by the defendant.

Although neither the certificate of the physician nor the affidavit are in perfect form we think that they substantially comply with the rules governing such matters.

At the hearing before us it was not claimed either in brief or in argument that the absent witness was in a condition to attend court or to give his deposition.

We think the first exception of the defendant must be sustained. Having reached this conclusion the other exceptions need not be considered.

The first exception of each of the defendants is sustained, and the cases are remitted to the Superior Court, with direction to give the defendants a new trial.

RATHBUN, J., dissenting. I cannot assent to the conclusion reached by the majority that the trial justice erred in refusing to grant the defendant's motion for a continuance based on the absence of a witness whom the defendant contends was material. Like most matters which relate to the conduct of a trial in the Superior Court, the motion for continuance was addressed to the sound discretion of the justice presiding, as such discretion has been regulated and restrained by the approved rules of that court. The exer-

cise of such discretion should not be disturbed by us unless it clearly appears that the same has been abused. Any other attitude on the part of this court towards the justice presiding at jury trials will lead to uncertainty as to their powers, and result in confusion and injustice.

In reviewing the action of a justice of the Superior Court in passing upon a motion for a continuance, it is only when there has been a very capricious exercise of power, or it appears that there has been a very flagrant case of injustice that this court will intervene. That this is the correct position for an appellate court to assume is supported by the great weight of authority. 9 Cyc. 146 and the large number of cases there cited.

It is incumbent upon a party who attacks the exercise of discretion by a justice of the Superior Court, in this regard, to make it clearly appear that such discretion has been abused. All that this defendant presents to us is the meagre record that after considering the certificate of the doctor and the affidavit presented by the defendant, and after hearing the argument of counsel in relation thereto, the justice denied the motion for continuance. The defendant has taken no steps to bring before us, as he might have done, the reason which led the justice to make his ruling, and we must assume that the action of the justice was warranted. The motion was made at the opening of the trial. At that time the materiality of the alleged testimony of the absent witness may not have been made to appear to said justice. With reason he may have regarded the certificate or the affidavit as not entitled to weight. He may have considered that the defendant was guilty of neglect and unreasonable delay in permitting the plaintiff, without notice, tb go to the expense of preparing for trial, although for five days the defendant knew of the alleged incapacity of the absent witness. If the ruling of the justice was based upon either or all of these grounds this court should not disturb the ruling unless it clearly appears that such grounds were unwarranted.

But whatever other reasons may have prompted said justice his action is unquestionably supported by the mandatory provisions of rules 6 and 7 of the Superior Court.

Rule 6 provides as follows: "No motion for a continuance of a cause standing for trial on the ground of the absence of a material witness shall be granted, unless such motion be supported by an affidavit which shall state the name of the witness, if known, the facts to which he is expected to testify, the grounds of such expectation, the endeavors which have been made to procure his attendance or deposition, and the expectation which the party has of procuring his attendance or deposition at a future time."

The affidavit, which was made by defendant's counsel, fails to state the grounds for his expectation that the absent witness would testify to the facts to which he was expected to testify. Said affidavit fails also to state "the expectation which the party has of procuring his attendance or deposition at a future time." The majority opinion contains the following assertion relative to said affidavit: "While it fails to give in precise words the grounds of such expectation, it may be reasonably inferred from it, taken as a whole, that such facts must have been obtained from the witness himself and could not have originated in the mind of the affiant." A careful examination of the affidavit will disclose that the affidavit contains not a single word which even hints that the affiant ever saw the absent witness or had any conversation with him on any subject whatever.

Rule 7 provides as follows: "No motion for a continuance of a cause standing for trial, on the ground of the sickness of a party or witness, shall be granted unless such motion be supported by the certificate of a practicing physician in good standing. Said certificate shall state the fact of said sickness, and the kind, degree, and time of beginning of said sickness. Such motions shall not be granted unless the party making the same, as soon as he has knowledge of the inability of said party or witness to attend court, shall give notice to the adverse party or his attorney of record,

stating in said notice the fact of said sickness, that a motion for a continuance is to be made, and the name and residence of the party or witness who it is claimed is sick."

Until the cases were called for trial the plaintiffs' counsel was given no notice that a motion for continuance was to be made. It does not appear that the defendant could not have given plaintiffs' counsel timely notice of the intention to file said motion and thereby enabled him to have had the witness examined by a physician and also, if he chose, to notify his own witnesses not to appear. Each of said rules states that no motion for a continuance shall be granted unless the party making the same shall comply with those provisions thereof which the defendant entirely ignored.

Section 34 of the Court and Practice Act provides as follows: "Section 34. Each of said courts, by a majority of its members, may from time to time make and promulgate rules for regulating practice and conducting business therein, in matters not expressly provided for by law. The rules of the superior court shall be subject to the approval of the supreme court." Said rules 6 and 7 were adopted pursuant to the provisions of said section and were approved by this court. In considering another rule of the Superior Court adopted in the same manner and by the same authority this court in *Smith* v. *Haskell Mfg. Co.*, 28 R. I. at 93 stated as follows: "Upon the adoption of the rule so authorized, the same became a part of the law of the State, and governs the subject matter to which it relates, and cannot be ignored," and in the same case at page 94, referring to the same subject matter, the court said: "suggestions for the alterations or amendments of the rules of the Superior Court should be made to that tribunal." It would appear that the majority has summarily brushed aside a law of the State for the purpose of doing what they consider justice in a particular case. The rules of the Superior Court are applicable to actions against estates of decedents the same as in all other causes and it should not be necessary to state that neither the Superior Court nor

this court can rightfully violate positive rules of law in order to come to the aid of a litigant who has not properly safeguarded his legal rights.

What, may we ask, is the present status of said rules 6 and 7? Does the majority assume to abolish said rules in their entirety or only those provisions which said opinion ignores, or are said rules applicable to all causes except actions against estates of decedents? It is to be regretted that any confusion should arise as to the interpretation or enforcement of rules of such long standing which have given such general satisfaction and which appear to be necessary to protect the interests of a litigant when his opponent, without any reasonable grounds for so doing, moves for a continuance. It is my opinion that an entry should be made remanding the cases to the Superior Court with the direction to enter judgment on the verdicts.

SWEETLAND, C. J., concurs in the opinion of Mr. Justice RATHBUN.

*Quinn, Kernan & Quinn,* for plaintiffs.

*James O. McManus, George C. Clinton, Joseph W. Grimes,* for defendant.